UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 15-50-HRW

ELIZABETH LEMASTER,                                                            PLAINTIFF,

v.             MEMORANDUM OPINION AND ORDER

BOB EVANS FARMS, LLC,,                                                         DEFENDANT.

This matter is before the Court upon Plaintiff's Motion to Remand and Motion for Costs [Docket No. 5]. The motion has been fully briefed by the parties [Docket Nos. 6, 7, 8 and 9]. For the reasons set firth herein, the Court finds that remand is appropriate but, under the circumstances presented, an award of costs is not warranted.

**I.**

This case arises from a fall that occurred the Bob Evans restaurant in Ashland, Kentucky on May 1, 2015. Plaintiff alleges that, on that day, she was at the restaurant and slipped and fell [Complaint, Docket No. 1-3, ¶ 7]. She subsequently filed this civil action in the Boyd Circuit Court against Bob Evans, alleging negligence and seeking damages for medical expenses, pain and suffering. *Id.* at ¶ 8. Following the Kentucky Rule of Civil Procedure 8.01(2), Plaintiff did not specify the amount of damages in her Complaint, but merely averred that the amount in controversy exceeded the minimum jurisdictional limit of the Boyd Circuit Court. After filing its Answer in the Boyd Circuit Couyrt, Defendant filed a Notice of Removal in this Court, alleging federal jurisdiction under 28 U.S.C.§ 1332, "diversity of citizenship[1]." Defendant alleged that

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - - (1) citizens of different sates." 28 U.S.C. § 1332 (a).


...


Plaintiff is a resident of the Commonwealth of Kentucky, whereas Defendant is a corporate citizen of Ohio. With regard to damages, Defendant stated:

> [C]ounsel for Defendant has sought a stipulation from Plaintiff that the amount in controversy does not exceed the jurisdictional amount and provided until noon of this day to respond. . . . Given that Plaintiff has failed to respond regarding the amount in controversy, Defendant believes that it meets or exceeds the jurisdictional amount. Accordingly, the jurisdictional requirements are met.

[Notice of Removal, Docket No. 1, ¶1].

Plaintiff responded to the removal by moving the Court to remand the case to the Boyd Circuit Court. In support of her motion, she claims that Defendant has not met its burden of establishing that the amount in controversy exceeds the jurisdictional minium of this Court. In addition, Plaintiff attorney fees in the amount of $1325.00.

## II.

### A. Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000, exclusive of fees and costs.

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). It is well-established that the federal courts are courts of limited jurisdiction. Thus, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky.1967). As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original

federal court action. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979).

Where a complaint contains minimal information regarding the damages the sought, the party having the burden of establishing jurisdiction present some proof that the claim is likely to result in an award in an amount necessary to establish that the total claim exceeds $75,000.00.

The amount in controversy is the point of contention in this case. The information relied upon by Defendant to establish the amount in controversy was not obtained through discovery, but, rather, an email sent from Defendant's counsel to Plaintiff's counsel on July 17, 2015, which provided a proposed Stipulation. In the email. Counsel for Defendant stated, "if we do not hear from you before noon on Friday, July 17, we will assume that your client is seeking more than $75,000.00." Plaintiff's counsel did not respond to the email or execute the proposed Stipulation. Nonetheless, Defendant attached both the email and the unsigned Stipulation to its Notice of Removal, stating, "[g]iven that Plaintiff has failed to respond regarding the amount in controversy, Defendant believes that it meets or exceeds the jurisdictional amount." Docket No.1, ¶ 1.

Plaintiff vehemently opposes removal and argues that the evidence presented by Defendant as to the amount in controversy falls far short of what is required. The Court agrees.

The refusal to stipulate damages is not sufficient to confer diversity jurisdiction in the Eastern District of Kentucky. To allow it would be "flip[ping] the jurisdictional burden on its head." *McKinney v. IGC, LLC,* 2013 WL 1898632 (E.D. Ky. 2013). As the removing party, it is the **Defendant** who bears the burden of producing evidence of the amount in controversy. However, as Defendant would have it, establishing the amount in controversy on the basis of an unsigned stipulation, the burden falls upon Plaintiff to prove that the amount in controversy is **less than** $75,000.00. Defendant is mistaken. As Judge Thapar explained in *McKinney*:

> To hold that Defendants can remove these cases based solely on the Plaintiffs' refusal to stipulate to damages below $75,000.00 would force a Hobson's choice on Plaintiffs. If they refuse to stipulate to the limitation, they abandon the forum they feel best serves their interest. And if they sign the stipulation, they eliminate the possibility that discovery might reveal their claims are worth more than they initially thought, or that the jury will return an unexpectedly large award. The per se approach pushed here would allow Defendants to use removal as a tool to ensure that they either receive the form that they want or eliminate the possibility of an award greater than $75,000.00. Federal diversity jurisdiction was not meant for such strategic ends.

*Id.*

This case, in its current posture, is devoid of a stipulation as to damages. Indeed, Plaintiff has stated that she "cannot say that her damages will exceed $75,000.00 at this time." [Docket No. 7, pg. 4]. Nor is there other proof that establishes the likelihood of damages in excess of $75,000. Defendant's assumption will not suffice.

As diversity has not been established, this Court cannot properly exercise jurisdiction over this matter. As such, the case will be remanded to Boyd Circuit Court.

**B.      Under the circumstances presented, the Court is not inclined to award costs.**

28 U.S.C. § 1447( c) , provides that " [a]n order remanding the case **may** require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." District Courts have discretion to award attorney fees under this statutory section. Having found that Defendant's position on the merits is not well-taken, the Court must determine whether attorney fees should be awarded. Upon review of the record, the Court finds that while the removal was improvident, the facts presented do not warrant an assessment of costs of fees against Defendant.

## III.

**IT IS HEREBY ORDERED:**

(1)   Plaintiff's Motion for Remand [Docket No. 5] be **SUSTAINED**;

(2)   Plaintiff's Motion for Costs [Docket No. 5] be **OVERRULED**; and

(3)   This matter be **REMANDED** to the Boyd Circuit Court.

This 19th day of August, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**

_____
Henry R. Wilhoit, Jr., Senior Judge